## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICARDO A. RAEL,

      Plaintiff,

v.                                        CIV No. 13-249 RB/SCY

SEBASTIAN R. CHAVEZ *et al.*

      Defendants.


## ORDER GRANTING DEFENDANTS' EXPEDITED MOTION TO ALLOW RULE 35 EXAMINATION

Before the Court is Defendants' Expedited Motion to Allow Rule 35 Examination ("Motion"). *Doc. 50.* Having reviewed the Motion and accompanying briefing (*docs. 52, 64*) and being fully advised, the Court finds the Motion is well-taken and it will be **GRANTED**.

On January 15, 2010, Plaintiff Ricardo Rael was involved in an automobile collision with Defendant Sebastian Chavez. *Doc. 28* ¶ 8. Plaintiff alleges that Defendant Chavez's negligence was the cause of the accident, and that because of the accident, Plaintiff suffers ongoing medical issues. *Id.* ¶¶ 15, 16. In the instant Motion, Defendants request that the Court order Plaintiff to undergo independent medical and psychiatric/psychological examinations pursuant to Federal Rule of Civil Procedure 35 without any of Plaintiff's proposed limitations on these examinations. *Doc. 50* at 5. Plaintiff responds that a psychological examination is unnecessary because he only makes "garden variety" emotional distress claims. *Doc. 52* at 1. He does not object to a

medical examination so long as he is either permitted to record the examination or have his nurse present during the examination.  *Id.* at 1-2.

Under Federal Rule of Civil Procedure 35, the court has discretion to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). The party seeking the examination must affirmatively demonstrate both that the physical or mental condition is "in controversy" and that "good cause" exists for the examination.  *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). "[T]here must be a greater showing of need under Rule[ ] ... 35 than under the other discovery rules"; to require otherwise, and to accept a showing of mere relevance, would render the "good cause" requirement meaningless." *Id.* at 118.   "While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound discretion of the court." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 362 (D.Colo. 2004)(citations omitted).

During his deposition, Plaintiff alleged a variety of specific psychological ailments that he feels were caused by the January 2010 accident, including "post-traumatic stress disorder, night terrors, panic attacks, severe anxiety, depression, and insomnia." *Doc.* 64, Ex. A 78:8-12, 78:25-79:3.  These representations place Plaintiff's mental condition in controversy and constitute good cause sufficient to support a Rule 35 mental examination.  *See, e.g. Thiessen v. General Electric Capital Corp.*, 178 F.R.D. 568, 569-70 (D. Kan. 1998) (plaintiff's representations during deposition that defendant's actions caused him not to sleep well, to get "worn out much, much easier", left him

"very, very tired" and almost caused a separation with his fiancee, converted "garden variety" allegations of emotional distress into allegations warranting a Rule 35 exam).

Plaintiff, rather than advancing an unconvincing argument that the representations he made about his mental condition constitute garden variety allegations of emotional distress, instead claims that "[b]y an amended response to the Interrogatories to be filed herein, [he] will clarify that he is not making an claim for PTSD" or another psychological injury above and beyond "garden variety emotional distress." *Doc. 52* at 1. To date, it does not appear that Plaintiff has served an amended response to the identified interrogatories on Defendant. Even if he had, however, through his deposition, Plaintiff has already placed his mental condition in controversy. *Thiessen* 178 F.R.D. at 570; *see also Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D.Mass. 1984) ("[I]t is clear that where ... a plaintiff refers to specific mental and psychiatric injuries, the plaintiff is affirmatively placing in controversy a mental condition. Under those circumstances, it is appropriate for a court to order an examination.") The severity and extent of the psychological conditions alleged provide Defendants good cause for a Rule 35 mental examination.

The Court further finds no basis on which to grant Plaintiff's request to record, or in the alternative, have a third party present during, his independent physical or mental examinations. Plaintiff's primary argument appears to be that such "insurance" is necessary because the doctors retained by Defendants would be partisan. This fear, of course, exists to an equal degree with regard to any doctor Plaintiff has retained. Mere concern that a doctor might not be completely objective, without any supporting evidence, however, is insufficient to justify the intrusion and deviation from normal

medical examination procedures that the presence of a third party or recording device would create.

For the foregoing reasons, the Court will GRANT Defendants' Motion for an independent medical examination of Plaintiff.

Finally, Defendants request the Court to order Plaintiff to pay Defendants' attorneys' fees and costs related to the instant Motion. *Doc. 50* at 7. In support of their request, they attach a brief exchange between counsel via e-mail wherein Defendants request the exams on March 28, 2014 at 5:45 p.m. and Plaintiff responds on April 1, 2014 at 6:39 p.m. *Doc. 50*, Ex. A. In his response, Plaintiff states that he "oppose[s] a a [*sic*] defense exam by Adam. Please advise of your basis for requesting such exam so I can consider whether and how to agree under the rule concerning the filing of motions and Rule 35." *Id.* He further states that he wishes Defendants to advise of their "good cause and proposed conditions and scope" as well as Dr. Gelina's qualifications to perform the medical examination. *Id.* Plaintiff represents, and Defendants do not contest, that they attempted no further communication before filing the instant motion. *Doc. 52* at 2. Given that Defendants made no further attempt to communicate with Plaintiff and that further negotiation might have obviated the need for adversarial motion practice, the Court declines to impose sanctions at this time.

**IT IS THEREFORE ORDERED** that Plaintiff undergo an independent psychiatric/psychological examination conducted by Defendants' designated psychologist, Dr. Carl Adams, Ph.D. The parties shall meet and confer within five days of the issuance of this order to schedule this examination.

**IT IS FURTHER ORDERED** that Plaintiff undergo an independent medical examination (which may be performed as part of a panel examination with Plaintiff's independent psychiatric/psychological examination) conducted by Defendants' designated physician, Dr. Allen Gelinas, M.D.  The parties shall meet and confer within five days of the issuance of this order to schedule this examination.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE