IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO A. RAEL,

    Plaintiff,

v.                                                                 CIV No. 13-249 RB/SCY

SEBASTIAN R. CHAVEZ *et al.*

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND REPORT

This matter is before the Court on Defendants' "Motion to Exclude Plaintiff's Expert Witness and Report." *Doc. 49.* The relief requested in the caption, however, is somewhat of a misnomer as Plaintiff does not characterize the witnesses at issue as experts and no export reports exist to be excluded. The Court will take Defendants' motion as a motion to exclude altogether the testimony of the two physicians at issue; that motion is **DENIED**.

On January 15, 2010, Plaintiff Ricardo Rael was involved in an automobile collision with Defendant Sebastian Chavez. *Doc. 28* ¶ 8. Plaintiff alleges that Defendant Chavez's negligence was the cause of the accident and that, because of the accident, Plaintiff suffers ongoing medical issues. *Id.* ¶¶ 15, 16. In support of his claim, Plaintiff intends to call two of his treating physicians as witnesses: Dr. Sean Mazer, M.D., a cardiologist, and Dr. Henry Sloan, M.D., a physiatrist. *Doc. 49.* Plaintiff states that, "Dr. Sloan will testify about the causation of Plaintiff's back pain and headaches, and 'based on his own examination evaluation and treatment' and based on medical records, Dr.

Sloan will testify as to causation and the reasonableness and necessity of Plaintiff's medical treatment." *Doc. 53* at 4. Dr. Mazer, Plaintiff's treating cardiologist, will, according to Plaintiff, "testify about the relationship of the collision to Plaintiff's cardiology conditions and differentiate between heart-related conditions and medical issues caused by the collision, as well as delays and complications in healing caused by the collision." *Id*. at 4-5.

In their initial brief in support of their motion, Defendants argues that the Court should exclude altogether the testimony of Dr. Sloan and Dr. Mazer because Plaintiff failed to supply expert reports and otherwise comply with Federal Rule of Civil Procedure 26(a)(2). *Doc. 49* at 2. In reply to Plaintiff's response that he does not intend to call these witnesses as experts but, rather, as treating physicians, Defendants have clarified their position. Specifically, Defendants' acknowledge that the testimony of these witnesses is admissible provided that their "opinions are limited to [their] own examinations of the Plaintiff, [their] diagnoses and [their] treatment." *Doc. 65* at 3, 4.

Defendants' appropriate acknowledgment in their Reply indicates that the parties now agree that Plaintiff's witnesses may testify as treating physicians to matters within the scope of the treatment they actually provided to Plaintiff. The parties also appear to agree that the testimony may include diagnosis, prognosis and the extent of Plaintiff's injury, insofar as such testimony was derived from their personal knowledge and observations. That they may do so is also well supported in law. *See Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999); *Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1180 (D.N.M. 2007).

The rub, of course, will come somewhere along the blurry line between treating physician and expert testimony. This is because physician testimony necessarily involves reference to that physician's expertise in a particular field. *See Webb*, 194 F.3d at 1138 (10th Cir. 1999)(explaining that "[a] treating physician, even when testifying as a lay witness, may state "expert" facts to the jury in order to explain his testimony.) Even though treating physicians may testify to "expert" facts, however, "[t]reating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D. Colo. 1995). This position is based on the Advisory Committee Notes to the 1983 and 1998 Amendments to Federal Rules of Civil Procedure 26(b)(4)(A) and 26(a)(2), which specifically distinguish between treating physician witnesses and physicians retained to testify as expert witnesses at trial.

And this distinction is a sensible one: a physician rendering treatment is a lay witness testifying as to their personal knowledge and their own actions:

> "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert. . . However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specially retained notwithstanding that he also happens to be the treating physician."

*Wreath v. United States*, 161 F.R.D. 448, 450 (D.Kan. 1995); *see also Sturgeon v. ABF Freight Systems, Inc.*, 2004 WL 5872664 at *2 (D.N.M. January 14, 2004)(citing

3

*Wreath*). Allowing a treating physician to testify as a retained expert, without having to provide the reports Rule 26(a)(2)(B) requires, would frustrate the purpose of the Rule.[1] Nonetheless, Plaintiff's physicians may testify about the possible causes and nature of Plaintiff's injury so long as these opinions are derived from their personal treatment of Plaintiff. *Villa v. Martin Martinez et al*, No. 08-CV-476 WJ/RLP, doc. 37 at 4 (citing *Hall v. Sykes*, 164 F.R.D. 46 (E.D. Va. 1995)).

Defendant complains that Plaintiff's initial disclosures indicate that he intends to have these two witnesses testify to issues of causation and reasonableness of the treatment provided to him in a way that extends beyond the bounds of their roles as treating physicians. *Doc. 65* at 3-4. Clearly, because Plaintiff has not submitted expert reports for these physicians, the physicians may not provide opinions based on any information learned outside of, and unrelated to, Plaintiff's treatment. *Farris*, 493 F.Supp.2d at 1180. To what Plaintiff intends to have these witnesses testify, however, remains to be seen. Whether the scope of these physicians' testimony falls outside the parameters allowed for treating physicians is an issue the Court will address, if it arises, when it is ripe.

**THEREFORE**, Defendants' Motion to Exclude Expert Witness and Report is **DENIED**.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] This is not to say that a treating physician cannot also be an expert witness. If a treating physician's "testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary." *Meyers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010)(quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).